USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                    :
NEW YORK CITY DISTRICT COUNCIL OF   :   19 Civ. 0529 (LGS)
CARPENTERS,                                  :
                               Petitioner,   :   **OPINION AND ORDER**
                                                  :
                     -against-              :
                                                  :
JM KELC MARINE CONTRACTORS,          :
                                 Respondent. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Petitioner New York City District Council of Carpenters ("Carpenters") petitions for confirmation of a favorable arbitration award issued October 24, 2017 (the "Award"), along with pre-judgement interest, legal fees and court costs. Respondent JM Kelc Marine Contractors ("JM Kelc") did not appear in this action and did not oppose the Petition. For the following reasons, the Petition is granted in full.

## I. BACKGROUND

        The following facts are taken from the Award and evidence submitted in support of the Petition.

        JM Kelc entered into a collective bargaining agreement (the "Agreement") with Carpenters. The Agreement requires JM Kelc to pay proper wages and make contributions to certain trust funds. The Agreement provides that "all disputes between [the parties] both within and outside of the Agreement, shall be submitted to arbitration"[1] and establishes appropriate

---

[1] "Any grievance not resolved pursuant to [a grievance hearing], shall be submitted to arbitration. . . The arbitrator shall conduct a hearing . . . [and] shall have the power to render a decision based on the testimony before him at such hearing. The decision of the arbitrator shall be final and binding upon both parties . . . It is the intent of the parties hereto that all disputes between

fines for violating the requirement to contribute to the aforementioned funds. If an arbitration is commenced and one party fails to appear after due notice, the hearing may proceed in that party's absence. In order to prevail at the arbitration hearing, the present party must submit the evidence required for a decision in the party's favor.

At issue is JM Kelc's failure to pay proper wage and fringe benefit rates in a timely manner to a member of Carpenters in violation of Article XII of the Agreement. Carpenters served JM Kelc with a Notice of Intent to Arbitrate dated July 6, 2017, informing JM Kelc that a hearing was scheduled for October 19, 2017. In accordance with the Agreement, the notice was sent via United States Postal Service Certified Mail. The arbitration hearing was held on October 19, 2017, and no representative of JM Kelc appeared. The arbitrator found JM Kelc had failed to pay wages and benefits, violating Article XII. On October 24, 2017, the arbitrator issued the Award in favor of Petitioner, finding that JM Kelc owes benefit fund contributions to Carpenters and wages to its member, totaling $3,046.40. The Award also requires JM Kelc to pay $1,000 towards the arbitration fee as prescribed by the Agreement.

On January 17, 2019, Carpenters commenced this action to enforce the Award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"). JM Kelc was served with a Summons and Petition on March 12, 2019, and proof of service was filed with the Court on March 22, 2019. JM Kelc has not appeared or responded to Petitioner's Summons and Petition.

---

them both within and outside of the Agreement, shall be submitted to arbitration as provided within and that no defense to prevent the holding of the arbitration shall be permitted." [Dkt 19-1, 16/46]. *** The Agreement states in relevant part "(a) If the grievance is not resolved within seventy-two (72) hours of notification thereof, as set forth above, or if the agreement is not complied with by the guilty party within 24 hours after notification of the agreement, either party may proceed to arbitration immediately… (b) Any grievance not resolved in pursuant to (a) above, shall be submitted to arbitration before one of the following (3) arbitrators." [Dkt. 19-1, 15/46, §3 Procedures of Grievance, parts (a)-(b)]***

Carpenters sought a default judgment on April 19, 2019, which is construed as an unopposed motion for summary judgment.

## II. DISCUSSION

### A. Confirmation of the Award

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. for the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); accord *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011); see also *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Stop & Work Construction, Inc*, No. 17 Civ. 5693, 2018 WL 324267, at *2 (S.D.N.Y. Jan. 5, 2018)

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. Carpenters & Joiners of Am. V. Tappan Zee Constrs., L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015). "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). The Award should be

confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League*, 820 F.3d at 537 (citation and internal quotations omitted).

No genuine issues of material fact exist in this case, as the Petition is uncontested and the Award draws its essence from the Agreement, which requires JM Kelc to pay wages and make contributions to certain trust funds. The Agreement provides for arbitration as a means of addressing grievances and empowers the arbitrator "to render a decision based on the testimony before him" on "all disputes between parties, both within and outside of the Agreement." Thus, the arbitrator acted within the scope of his authority under the Agreement when he found that JM Kelc violated the Agreement. *See id.* at 537 ("If the arbitrator acts within the scope of this authority, the remedy for a dissatisfied party is not judicial intervention."); *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 13 Civ. 1925, 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (confirming arbitration award brought under LMRA § 301 where defendant did not oppose petition and record supported arbitrators' findings). The Award is confirmed.

### B. Attorney's Fees and Costs

Carpenters also requests payment of attorneys' fees of $1,680 and costs of $780.38. "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16. Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016). However, a court may award fees and costs in an LMRA case pursuant to its equitable powers. *See Odeon Capital Grp. L.L.C. v. Ackerman*, 864 F.3d 191, 198

(2d Cir. 2017). "As applied to suits for the confirmation and enforcement of arbitration awards . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *See Int'l Chem. Workers Union*, 774 F.2d at 47 (internal quotation marks and citation omitted); *accord N.Y.C. Dist. Council of Carpenters v. New England Constr. Co., Inc.*, No. 16 Civ. 6608, 2017 WL 1967743, at *4 (S.D.N.Y. May 11, 2017).

Here, JM Kelc signed the Agreement, which provided for arbitration, failed to participate in the arbitration after receiving notice of the hearing, failed to satisfy the Award and failed to oppose the instant petition. As JM Kelc has failed to justify its refusal to abide by the arbitrator's decision, Petitioner is therefore awarded reasonable attorneys' fees and costs. *Accord, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund*, 2016 WL 7335672, at *3-4.

The fee request of $1,680 is reasonable because it is equal to the lodestar calculation. The lodestar amount creates a presumptively reasonable fee. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *accord Dowdell v. Imhof*, 676 F.App'x 46, 48 (2d Cir. 2017). Here, the $1,680 in requested attorneys' fees represents 5.6 hours billed by Lydia Sigelakis, a partner at *Spivak* Lipton LLP, at the rate of $300 per hour and is therefore equal to the lodestar calculation.

The lodestar amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea*, 658 F.3d at 166; *accord Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 656 (S.D.N.Y. 2019). The hourly rate of $300 per hour is reasonable. Courts in this District have consistently found that "the reasonable hourly billing rate for partners in wage-and-hour cases is between $300 and $400 per hour." *McGreevy v. Life*

*Alert Emergency Response, Inc.*, 258 F. Sup. 3d 380, 389 (S.D.N.Y. 2017) (collecting cases). Carpenters and its counsel have also agreed on an hourly billing rate of $300 for the type of work performed here. The billing arrangement between a party and its counsel is "a strong indication of what private parties believe is the 'reasonable' fee to be awarded." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001); *accord SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728, 2015 WL 855796, at *18 (SDNY Feb 27, 2015).

The time Carpenters' counsel recorded for work in this case is reasonable. The legal work consisted of drafting the Petition, drafting a court-required status report and drafting the default papers underlying this motion. The amount of time billed – 5.6 hours – is reasonable for this work. *Accord, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Environmental Group Inc.*, No. 17 Civ. 4667, 2017 WL 5157246, at *5 (S.D.N.Y., Nov. 7, 2017).

The *costs* Carpenters' counsel incurred are also reasonable. Carpenters provided documentation showing costs of $780.38 incurred serving and filing documents in this case. "[J]udges in this District routinely permit attorneys to recoup [costs such as] filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on an opposing party." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Antonelli Masonry, Inc.*, No. 18 Civ. 11127, 2019 WL 1755413, at *5 (S.D.N.Y., 2019).

Carpenters is entitled to the requested attorney fees of $1,680 and costs of $780.38.

### C. Interest and Liquidated Damages

Carpenters also requests interest of nine percent per annum on the Award accruing from November 24, 2017, through the date of judgment. This request is approved.

The Second Circuit has "repeatedly recognized the power of district courts to award prejudgment interest." *Bhd. of Locomotive Eng'rs & Trainmen v. Long Island R.R. Co.*, 340 F.App'x 727, 730 (2d Cir. 2009) (internal quotation marks omitted); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Tried N True Interiors LLC*, No. 19 Civ. 2083, 2019 WL 2327524, at *3 (S.D.N.Y., May 31, 2019) ("[I]n the context of actions to confirm arbitral awards there is a presumption in favor of prejudgment interest.") (internal quotation marks omitted). In awarding prejudgment interest, the four factors considered are "(i) the need to fully compensate the wronged party for actual damages suffered (ii) considerations of fairness and the relative equities of the award (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 55 (2d Cir. 2009); *accord Frommert v. Conkright*, 913 F.3d 101, 109 (2d Cir. 2019); *See also SEIU, Local 32BJ v. Dayton Beach Park No. 1 Corp.*, No. 18 Civ. 3887, 2019 WL 120998, at *3 (S.D.N.Y., Jan. 4, 2019) (Awarding interest in an LMRA action). These factors weigh in Carpenters' favor because of the "time value of money, and the benefit that [Carpenters] could have derived from" its due payments "had the funds been issued at the appropriate time and invested during the pendency of [this] proceeding." *Cohen v. Life Insurance Co. of North America*, No. 17 Civ. 9270, 2019 WL 1785095, at *4 (S.D.N.Y., 2019); *accord SEIU, Local 32BJ*, 2019 WL 120998, at *3.

The interest rate of nine percent is approved because "the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000). While "the LMRA is silent with respect to interest rate, 'the common practice among courts within the Second Circuit is to grant interest at a rate of nine percent per annum -- which is the rate of

prejudgment interest under New York State law, N.Y. C.P.L.R. §§ 5001–5004 -- from the time of the award to the date of the judgment confirming the award.'" *SEIU, Local 32BJ*, 2019 WL 120998, at *4 (quoting *Salus Capital Partners, LLC v. Moser*, 289 F. Supp. 3d 468, 483 (S.D.N.Y. 2018)); *accord Riverbay Corp. v. Serv. Emps. Int'l Union Local 32BJ*, No. 18 Civ. 4660, 2019 WL 1244568, at *6 (S.D.N.Y., March 18, 2019). Here too, nine percent was the rate of pre-judgment interest under New York law, at the relevant time. N.Y. C.P.L.R. §§ 5001–5004. Petitioner is accordingly awarded "pre-judgment interest at a rate of nine percent per annum from the time of the Arbitrator's decision to the date of the judgment." *SEIU, Local 32BJ*, 2019 WL 120998, at *4.

## III. CONCLUSION

For the foregoing reasons, Carpenters' petition for confirmation of the Award is GRANTED. Carpenters is entitled to a total of $6,506.78, consisting of unpaid wages and benefits of $3,046.40, arbitrator fees of $1,000, attorney fees of $1,680 and costs of $780.38. Carpenters is also entitled to pre-judgement interest at the rate of nine percent per annum through the date of judgment.

The Clerk of Court is respectfully directed to close the case.

Dated: July 30, 2019
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

8